**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

**Gavin W. Bruce**
Assistant U.S. Attorney
Gavin.Bruce@usdoj.gov
(541) 465-6771
*Reply to Eugene Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 9, 2024

Irina Hughes
Assistant Federal Public Defender
Federal Public Defender Office
859 Willamette St # 200
Eugene, OR 97401

Re:  *United States v. Adam Braun*, Case No. ~~6:24-cr-00039-MK~~ 6:24-CR-00191
     Plea Agreement Letter

Dear Counsel:

1.  **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and the Civil Rights Division (CRT) (collectively, "the government"), and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**: Defendant agrees to waive grand jury and plead guilty to Counts 2, 4, and 5 of the Information, which each charge Damage to Religious Property in violation of Title 18, United States Code, Section 247(c).

3.  **Penalties**: The maximum sentence for each count is one year imprisonment, a fine of $100,000, one year of supervised release, and a $25 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.  **Dismissal/No Prosecution**: The government will move at the time of sentencing to dismiss any remaining counts against defendant. The government further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Revised June 2023

Irina Hughes
Re: Adam Braun Plea Agreement Letter
Page 2
September 9, 2024

After sentencing in this matter, the government has confirmed that the Lane County District Attorney's Office will dismiss its pending charges against the defendant arising from the same conduct in *State of Oregon v. Adam Braun.*

5.  **Elements and Factual Basis**: In order for defendant to be found guilty of Counts 2, 4, and 5 of the Information, the government must prove the following elements beyond a reasonable doubt:

1. Defendant intentionally defaced, damaged, or destroyed religious real property or attempted to do so; and

2. Defendant did so because of the race, color, or ethnic characteristics of any individual associated with the property.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

Over the course of several months and on multiple occasions, Adam Braun spray painted words and symbols on the exterior side of the Temple Beth Israel synagogue (TBI), a Reconstructionist synagogue in Eugene.

The first incident occurred on or about between August 19 and August 20, 2023. Braun spray-painted mostly illegible graffiti on the exterior of TBI's building. His graffiti included the number 23, which is a numeric symbol meaning white power.

The next incident occurred on or about between September 10 and 11, 2023, when Braun spray-painted the numbers "1377" on the exterior of TBI's building. Braun admitted that "1377" was a play on "1488," a popular white-supremacist symbol which incorporates both the 14-words slogan ("We must secure the existence of our people and a future for white children") and "88," referencing the eighth letter of the alphabet twice, "HH," intended to mean "Heil Hitler."

The third incident occurred on or about between October 6 and 7, 2023. This graffiti featured the text "ANTBOI," Braun's moniker, scrawled on the exterior of the building near the bike racks, covering the location where TBI covered the "1377" graffiti from a month earlier.

The last incident occurred on or about January 14, 2024, around 1:00 a.m. Braun approached the glass doors of the preschool at TBI. As he approached, he covered his face and put

Irina Hughes
Re: Adam Braun Plea Agreement Letter
Page 3
September 9, 2024

the hood of his jacket over his head. Braun held a ball-peen hammer and lifted his arm above his head as if to use the hammer to smash the glass doors. Braun did not smash the glass doors, however, choosing to yell at the surveillance camera for one minute instead before walking away. After Braun walked away, he was captured on surveillance video spray-painting near the bike rack area again. This time he spray-painted his message: WHITE POWER.

Braun defaced and attempted to deface and damage the building at TBI because of its association with the Jewish people who attend and worship at TBI.

6.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.  **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2H1.1 results in a Base Offense Level 10, prior to adjustments, for each offense. The parties further agree that the three-level enhancement under USSG § 3A1.1 applies for each offense.

8.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the government will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The government reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.  **Sentencing Recommendation**: The parties are free to recommend any sentence they deem appropriate.

10. **Additional Departures, Adjustments, or Variances**:

    A.  Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. The basis for the departure, adjustment, or variance shall be limited to 18 U.S.C. § 3553.

    B.  Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office,

Irina Hughes
Re: Adam Braun Plea Agreement Letter
Page 4
September 9, 2024


defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

11.  **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the government may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12.  **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.  **Full Disclosure/Reservation of Rights**: The government will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.  **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the government is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

Irina Hughes
Re: Adam Braun Plea Agreement Letter
Page 5
September 9, 2024

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the government and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the government to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the government to access records to verify the financial information. Defendant also authorizes the government to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government

Irina Hughes
Re: Adam Braun Plea Agreement Letter
Page 6
September 9, 2024

may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17. **Deadline**: This plea offer expires if not accepted by September 20, 2024 at 3:00p.m.

Sincerely,

NATALIE K. WIGHT
United States Attorney

KRISTEN CLARKE
Assistant Attorney General

GAVIN BRUCE
Assistant United States Attorney

CAMERON A. BELL
Trial Attorney

Revised June 2023

Irina Hughes
Re: Adam Braun Plea Agreement Letter
Page 7
September 9, 2024

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/31/24
Date

_____
Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/31/24
Date

_____
Attorney for Defendant

Revised June 2023